John C. Boylan, S.
In this accounting proceeding the trustee has requested the court to construe the last will and testament of the decedent to determine whether she intended to give the corpus of a trust undisposed of by her will to her next of kin living at the time of her death, or to her next of kin who survived her son, Winfield Simonson Koller.
In 1937 the then Surrogate decided this same question, but as he failed to set forth his decision in the decree, his determination did not become thé law of the case. (See Surrogate’s Ct. Act, § 274.) It now becomes necessary to consider the matter de novo.
*363 Lillian Y. Koller died on May 12, 1932, and her last will and testament dated April 13, 1931 was admitted to probate on September 8, 1932. Letters testamentary and of trusteeship were issued to the executors and trustees named in the will.
The testatrix bequeathed and devised the residue of her estate to the petitioner Staten Island National Bank and Trust Company and two individuals Theodore Irving Simonson and Floyd A. Bailey (both of whom are now deceased) as trustees for the benefit of her son Winfield Simonson Koller with the income thereof to be paid to said son during his life together with one eighth of the corpus when he attained the age of 35 and a similar share every five years thereafter until he became 70 years of age when the balance was payable to him. The son died without issue prior to the time the last payment was due. The testatrix provided that if her son died before he reached the age of 70, leaving issue, then the residue or balance thereof should descend to his issue per stirpes. She also provided that if her son died before reaching 70 years of age without leaving issue, one half of the residue was to be paid to Theodore Irving Simonson, one fourth to Floyd A. Bailey, and one 'fourth to eight cousins, and a widow of a deceased cousin. In the event of the death of any of the parties referred to in the preceding sentence, before her son, the testatrix provided, “ I order and direct that the share or shares of the one or ones so dying shall fall in and become a part of my estate not disposed of by this my will, and that such share or shares shall be distributed to and among my next of kin, in accordance with the laws of the State of New York as though I had died a resident of the said State of New York, intestate.”
The trustee contends that the intestáte part or share of the corpus of the trust should be distributed to the testatrix’ next of kin at the time of her death in 1932, and therefore, should be paid to the estate of Ida Grant the sole aunt who survived the testatrix. Lillian Y. Koller, the testatrix, neither mentioned nor made any provision in her will for her aunt, Ida Grant.
It is academic that in construing the provisions of the will the court must ascertain the intention of the testatrix from a reading of the will in its entirety and in determining such intention, the general scheme of the will must be considered and the intention, to which effect is to be given, should be one harmonizing with that scheme.
An examination of the will in this proceeding reveals the plan of distribution and clearly indicates that the testatrix desired the estate of which she died intestate to be divided among her next of kin at the time of the death of her son.
*364 An interpretation that testatrix intended that the lapsed contingent remainders should pass to her distributees living at the time of her death would be highly improbable since her distributee entitled to take at such time under the intestacy laws would be her son, the person to whom she had already bequeathed and devised her entire estate.
The will of the testatrix does not show any special consideration for the aunt, nor does it show any intent to distribute the corpus of the estate undisposed of by the will to her.
The court holds that the corpus of the trust undisposed of by the will must be paid to the next of kin of the testatrix at the time of the death of her son, Winfield Simonson Roller.
The trustee has also requested the court to fix the fee of its attorney pursuant to section 231-a of the Surrogate’s Court Act. The fee including all services in the proceeding now before the court is fixed in the sum of $1,200.
No objections having been filed to the account, enter decree judicially settling same in accordance herewith.